IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA : | Crim. No. 10-cr-113-JL |
| v. : | Charges: |
| BROOKE E. REYNA : | 18 U.S.C. §§ 1030 (a)(2)(B) & (c)(2)(A) (Exceeding Authorized Computer Access) [Count 1] |
| Defendant. : | 18 U.S.C. § 1505 (Obstruction of Agency Proceeding) [Count 2] |
| : | 18 U.S.C. § 1001 (a)(2) (False Statements) [Counts 3 and 4] |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Exceeding Authorized Computer Access)

1.  From on or about May 2004 until the present, defendant BROOKE E. REYNA was employed by the United States Department of State (the "Department of State") at the National Passport Center in Portsmouth, New Hampshire. Defendant REYNA's positions at the Department of State included Clerk-Typist, Legal Occupations Student-Trainee, and, most recently, Passport Specialist.

2.  The Department of State is a department and agency within the executive branch of the U.S. Government. At all times relevant hereto, the office space where defendant BROOKE E. REYNA worked for the Department of State in the above positions was physically located in the District of New Hampshire.

3.  In the regular course of her employment with the Department of State, defendant

BROOKE E. REYNA had access to official Department of State computer databases, including the Passport Information Electronic Records System (PIERS). This computer database contained all passport data and consular personal records maintained by the Department of State Passport Services dating back to 1978, and all imaged passport applications dating back to 1994. The imaged passport applications on PIERS contain, among other things, a photograph of the passport applicant as well as certain personal information including the applicant's full name, date and place of birth, current address, telephone numbers, parent information, spouse's name, and emergency contact information.

4.     Throughout her tenure with the Department of State, defendant BROOKE E. REYNA was made aware of and understood: (a) the confidential nature of PIERS and the confidential personal data contained therein; (b) the information contained in the passport records maintained by the Department of State in PIERS is protected from unauthorized disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a; and (c) passport applications maintained by the Department of State in PIERS should be accessed only in connection with an employee's official government duties and not the employee's personal interest or curiosity.

5.     At all times relevant hereto, upon logging onto a Department of State computer, the following warning banner was displayed to the user: "This computer is a Department of State computer system. It should be used for official U.S. Government work only. Use by unauthorized persons, or for personal business, is prohibited and constitutes a violation of 18 U.S.C. 1030 and other Federal laws." The banner also provided the user with a clear warning that he/she had "NO REASONABLE EXPECTATION OF PRIVACY while using th[e] computer" and that all computer activity was subject to monitoring and retrieval by Department

of State and law enforcement officials. To gain access to the Department of State computer, defendant BROOKE E. REYNA was required to click the icon marked "OK" directly below the following directive and acknowledgment: "IF YOU DO NOT CONSENT, PLEASE PRESS ESCAPE AND SHUTDOWN THIS COMPUTER NOW. PRESS OK TO AGREE TO ALL THE CONDITIONS STATED ABOVE."

6. At all times relevant hereto, upon logging onto PIERS, the following warning banner was displayed to the user: "You are permitted access to passport and consular personal records on a need to know basis. Whether viewed or printed via PIERS, these are privileged records and are subject to the provisions of the Privacy Act of 1974. They are not public records and may be released for use outside of the Department of State only in accordance with applicable Department regulations. As a user of PIERS you are responsible for the protection of the record subject's privacy. DO NOT REPRODUCE OR PROVIDE COPIES of documents viewed or printed via PIERS for use outside of the Department of State. Unauthorized release of these documents to non-Department staff may be subject to penalty of Federal law." To gain access to the PIERS database and the passport application files contained therein, defendant BROOKE E. REYNA was required to click the icon marked "yes" directly below the following acknowledgment: "I have read the aforementioned Privacy warning and understand my responsibilities regarding the protection of passport and consular records."

7. Between August 2005 and February 2008, defendant BROOKE E. REYNA logged onto the PIERS database and, on the 300 occasions listed below by date and time, viewed passport applications of celebrities, actors, reality television contestants, television personalities, musicians, models, athletes, and members of these individuals' families, including their children,

and other individuals identified in the press. Defendant REYNA had no official government reason to access and view these passport applications.

| | | | |
|---|---|---|---|
| 8/27/2005 9:34 | 8/27/2005 11:35 | 8/27/2005 11:35 | 8/27/2005 13:10 |
| 8/27/2005 13:30 | 9/1/2005 13:25 | 9/1/2005 13:26 | 9/7/2005 10:09 |
| 9/7/2005 10:10 | 9/13/2005 9:39 | 9/13/2005 11:01 | 9/13/2005 11:02 |
| 9/14/2005 13:28 | 9/14/2005 13:29 | 9/14/2005 13:30 | 9/19/2005 15:02 |
| 9/19/2005 15:02 | 9/20/2005 8:44 | 9/20/2005 12:54 | 9/22/2005 8:19 |
| 9/25/2005 10:13 | 9/27/2005 10:23 | 10/4/2005 14:10 | 10/25/2005 15:21 |
| 10/29/2005 10:03 | 10/29/2005 10:55 | 12/22/2005 15:52 | 1/10/2006 12:06 |
| 1/14/2006 11:19 | 1/16/2006 12:44 | 1/16/2006 12:45 | 2/13/2006 22:17 |
| 2/13/2006 22:18 | 2/16/2006 17:10 | 2/17/2006 22:28 | 2/17/2006 22:29 |
| 3/1/2006 19:18 | 3/1/2006 22:41 | 3/9/2006 21:34 | 3/9/2006 21:34 |
| 3/10/2006 21:01 | 3/14/2006 15:53 | 3/15/2006 20:48 | 3/16/2006 21:15 |
| 3/17/2006 20:09 | 3/20/2006 16:39 | 3/21/2006 16:11 | 3/26/2006 14:06 |
| 3/27/2006 21:28 | 3/27/2006 22:21 | 3/28/2006 17:01 | 3/28/2006 20:22 |
| 3/28/2006 20:24 | 3/28/2006 22:06 | 3/28/2006 22:08 | 4/11/2006 17:56 |
| 4/13/2006 21:37 | 4/17/2006 21:11 | 4/17/2006 21:40 | 4/17/2006 21:42 |
| 4/17/2006 21:42 | 4/18/2006 18:46 | 4/19/2006 21:11 | 4/19/2006 22:05 |
| 4/19/2006 22:06 | 4/20/2006 21:51 | 4/27/2006 20:05 | 4/27/2006 21:35 |
| 5/1/2006 18:58 | 5/3/2006 13:49 | 5/3/2006 13:49 | 5/3/2006 13:50 |
| 5/3/2006 13:50 | 5/4/2006 9:33 | 5/4/2006 10:47 | 5/4/2006 12:53 |
| 5/4/2006 13:28 | 5/4/2006 13:37 | 5/4/2006 13:38 | 5/5/2006 19:00 |
| 5/5/2006 21:54 | 5/8/2006 17:26 | 5/8/2006 18:07 | 5/8/2006 20:35 |
| 5/8/2006 21:27 | 5/8/2006 21:28 | 5/8/2006 22:33 | 5/12/2006 19:18 |
| 5/12/2006 21:09 | 5/15/2006 19:15 | 5/15/2006 23:21 | 5/18/2006 23:00 |
| 5/19/2006 18:31 | 5/19/2006 18:31 | 5/19/2006 21:48 | 5/19/2006 21:50 |

| | | | |
|---|---|---|---|
| 5/19/2006 21:53 | 5/22/2006 20:49 | 5/22/2006 20:54 | 5/22/2006 22:41 |
| 5/22/2006 23:17 | 5/22/2006 23:17 | 6/2/2006 18:43 | 6/2/2006 18:49 |
| 6/5/2006 18:09 | 6/5/2006 20:07 | 6/5/2006 20:10 | 6/5/2006 21:26 |
| 6/5/2006 22:03 | 6/5/2006 22:28 | 6/6/2006 19:27 | 6/7/2006 19:15 |
| 6/7/2006 19:32 | 6/7/2006 19:32 | 6/7/2006 21:27 | 6/7/2006 21:29 |
| 6/9/2006 20:03 | 6/12/2006 16:36 | 6/13/2006 23:52 | 6/14/2006 21:47 |
| 6/14/2006 22:34 | 6/14/2006 22:35 | 6/14/2006 22:36 | 6/14/2006 22:39 |
| 6/15/2006 16:56 | 6/15/2006 16:56 | 6/16/2006 17:16 | 6/20/2006 20:37 |
| 6/20/2006 23:03 | 6/20/2006 23:06 | 6/20/2006 23:11 | 6/20/2006 23:11 |
| 6/20/2006 23:12 | 6/20/2006 23:13 | 6/20/2006 23:15 | 6/20/2006 23:15 |
| 6/20/2006 23:16 | 6/20/2006 23:16 | 6/21/2006 9:18 | 6/26/2006 21:48 |
| 6/26/2006 23:15 | 6/26/2006 23:16 | 6/26/2006 23:17 | 6/27/2006 15:34 |
| 6/27/2006 20:53 | 6/27/2006 21:44 | 6/28/2006 19:08 | 6/28/2006 19:08 |
| 6/28/2006 19:11 | 6/29/2006 20:56 | 6/29/2006 21:27 | 6/29/2006 21:28 |
| 6/30/2006 17:22 | 6/30/2006 18:06 | 6/30/2006 18:08 | 6/30/2006 18:45 |
| 6/30/2006 19:01 | 6/30/2006 19:28 | 6/30/2006 20:44 | 6/30/2006 20:44 |
| 7/3/2006 13:23 | 7/3/2006 13:49 | 7/3/2006 13:50 | 7/3/2006 17:21 |
| 7/3/2006 17:22 | 7/10/2006 16:38 | 7/10/2006 19:04 | 7/11/2006 18:08 |
| 7/11/2006 18:10 | 7/11/2006 18:51 | 7/11/2006 18:54 | 7/11/2006 18:55 |
| 7/11/2006 20:47 | 7/11/2006 20:48 | 7/11/2006 20:55 | 7/11/2006 20:56 |
| 7/12/2006 18:35 | 7/12/2006 20:23 | 7/17/2006 18:39 | 7/17/2006 18:57 |
| 7/17/2006 20:27 | 7/17/2006 20:27 | 7/17/2006 20:58 | 7/17/2006 21:03 |
| 7/17/2006 21:46 | 7/17/2006 21:46 | 7/17/2006 22:58 | 7/17/2006 23:00 |
| 7/17/2006 23:00 | 7/17/2006 23:05 | 7/18/2006 21:29 | 7/18/2006 21:31 |
| 7/19/2006 22:41 | 7/19/2006 23:05 | 7/20/2006 20:31 | 7/24/2006 19:29 |
| 7/26/2006 19:51 | 7/26/2006 19:57 | 7/26/2006 20:48 | 8/8/2006 20:52 |

| | | | |
|---|---|---|---|
| 8/8/2006 22:27 | 8/10/2006 23:06 | 8/11/2006 19:45 | 8/11/2006 20:19 |
| 8/11/2006 20:23 | 8/11/2006 22:04 | 8/11/2006 22:08 | 8/14/2006 21:49 |
| 8/16/2006 20:37 | 8/16/2006 21:04 | 8/21/2006 22:03 | 8/21/2006 22:40 |
| 8/21/2006 22:43 | 8/22/2006 21:01 | 8/22/2006 21:35 | 8/22/2006 22:10 |
| 8/23/2006 19:20 | 8/28/2006 20:43 | 8/28/2006 22:24 | 8/28/2006 23:23 |
| 8/28/2006 23:26 | 8/28/2006 23:31 | 8/29/2006 21:05 | 8/29/2006 21:06 |
| 9/12/2006 7:59 | 9/12/2006 8:03 | 9/12/2006 13:29 | 9/13/2006 9:04 |
| 9/30/2006 10:58 | 9/30/2006 10:59 | 9/30/2006 11:08 | 9/30/2006 11:16 |
| 9/30/2006 11:31 | 9/30/2006 11:34 | 10/16/2006 16:36 | 10/16/2006 16:37 |
| 10/16/2006 17:28 | 10/20/2006 18:04 | 10/24/2006 16:42 | 10/24/2006 17:07 |
| 10/24/2006 17:08 | 10/30/2006 13:43 | 11/10/2006 12:50 | 11/10/2006 13:48 |
| 11/14/2006 8:56 | 11/14/2006 9:00 | 11/14/2006 9:33 | 11/14/2006 10:42 |
| 11/20/2006 8:00 | 11/20/2006 8:50 | 11/20/2006 8:59 | 11/20/2006 9:05 |
| 11/20/2006 12:49 | 11/21/2006 10:07 | 11/21/2006 11:44 | 11/21/2006 12:03 |
| 11/21/2006 12:04 | 11/21/2006 12:07 | 11/21/2006 15:28 | 11/22/2006 7:37 |
| 12/6/2006 11:03 | 12/7/2006 13:35 | 12/7/2006 13:36 | 12/8/2006 8:11 |
| 1/25/2007 15:06 | 1/25/2007 15:23 | 1/29/2007 14:15 | 1/31/2007 8:46 |
| 1/31/2007 12:10 | 2/8/2007 12:20 | 5/7/2007 8:40 | 6/9/2007 7:48 |
| 6/28/2007 8:14 | 6/29/2007 9:02 | 7/16/2007 9:02 | 7/24/2007 8:22 |
| 7/24/2007 9:16 | 9/12/2007 10:11 | 9/18/2007 10:35 | 10/1/2007 12:31 |
| 10/2/2007 11:55 | 10/2/2007 11:58 | 10/9/2007 10:51 | 10/9/2007 11:31 |
| 10/24/2007 12:25 | 11/15/2007 7:38 | 11/20/2007 8:52 | 11/21/2007 11:41 |
| 1/2/2008 11:19 | 1/2/2008 11:27 | 1/3/2008 7:26 | 1/3/2008 12:27 |
| 1/4/2008 14:59 | 1/8/2008 14:32 | 1/8/2008 14:57 | 1/15/2008 15:05 |
| 1/16/2008 14:28 | 1/25/2008 12:50 | 2/14/2008 12:39 | 2/26/2008 11:11 |

8.      On each occasion identified in the previous paragraph that defendant BROOKE E. REYNA accessed the PIERS database and viewed the passport applications of celebrities, actors, reality television contestants, television personalities, musicians, models, athletes, and members of these individuals' families, including their children, and other individuals identified in the press, defendant REYNA knowingly and intentionally exceeded her authorized access to Department of State computer files.

9.      From in or about August 2005 and continuing through in or about February 2008, in the District of New Hampshire,

### BROOKE E. REYNA

defendant herein, intentionally accessed a computer without authorization and exceeded her authorized access to that computer, and thereby obtained information from a department and agency of the United States; that is, defendant REYNA, while an employee of the U.S. Department of State, exceeded her authorized access to the federal agency's PIERS database and obtained information from the Department of State pertaining to the imaged confidential passport application files of various celebrities, actors, reality television contestants, television personalities, musicians, models, athletes, and members of these individuals' families, including their children, and other individuals identified in the press.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and (c)(2)(A).

### COUNT TWO
(Obstruction of Agency Proceeding)

10.     The Allegations contained in Paragraphs 1 through 8 are realleged as though fully set forth herein.

11. On or about July 3, 2008, the Department of State's Office of Inspector General commenced an investigation into allegations of defendant BROOKE E. REYNA's unauthorized use of the PIERS database. In connection with this investigation, agents for the Office of Inspector General and other Department of State components involved in the investigation had the responsibility to secure relevant documents and interview material witnesses.

12. On or about July 23, 2008, the Department of State, Office of Legal Affairs, Law Enforcement Liaison, Passport Monitor Unit sent defendant BROOKE E. REYNA an e-mail entitled "Questionable Passport Searches." The e-mail stated that the Passport Monitor Unit was "responsible for monitoring the release of passport records and the users of PIERS to identify trends or patterns with respect to search requests for passport files being sought under the Freedom of Information Act or the Privacy Act."

13. The e-mail further stated that "[b]ased on an internal investigation, our records show that you searched and viewed the following passport records," followed by a list of 17 occasions on which defendant BROOKE E. REYNA logged onto the PIERS database and viewed some of the passport applications identified above, including those of prominent musicians, actors, and celebrities. The e-mail also requested, among other things, that defendant REYNA explain the purpose of her PIERS activity on these 17 occasions.

14. That same day, defendant BROOKE E. REYNA sent an e-mail in response, answering that question as follows: "I can honestly say I do not recall looking up any of these people. I have tried my hardest to think back but I do not remember putting in any of their information. I do know there was an occasion where I had an applicant with a parent of a similar name of a celebrity and I did click on that celebrity's name by accident when I was looking up something

for the child and clicked right out but for the life of me can not recall who it was. For some reason doesn't look like it was one of those people. The only thing I could possibly think of is when we were training I remember being told to use PIERS as a training tool and so I could have done it then but really do not think or remember looking any of those people up because I had no reason to. Some of them I don't even know who they are. I have used PIERS for searches for applicants on a need to know basis with applicants I have had."

15. On or about August 18, 2008, defendant BROOKE E. REYNA was interviewed by federal law enforcement agents, including an agent employed by the Department of State's Office of Inspector General. Defendant REYNA was asked again to explain the same 17 occasions on which she logged onto the PIERS database and viewed passport applications.

16. In response, defendant BROOKE E. REYNA provided a written statement to federal law enforcement agents in which she stated that "[a]s for the searches I have done that are high profile, I do not recall doing these searches. Sometimes passport numbers can be typed in wrong or in searching for another record can accidently be clicked on. If I can or could recall any of the searches, I will be sure to report it. I have never lent out my log-in information or left my station unlocked for someone to use."

17. On or about July and August 2008, in the District of New Hampshire,

**BROOKE E. REYNA,**

the defendant herein, did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a proceeding, to wit an investigation of allegations of her unauthorized use of the PIERS database, was pending before the Department of State, by making materially false and misleading statements to those federal agents and

employees engaged in such proceeding.

In violation of Title 18, United States Code, Section 1505.

## COUNT THREE
(False Statements)

18. The Allegations contained in Paragraphs 1 through 8 and 10 through 16 are realleged as though fully set forth herein.

19. On or about July 23, 2008, in the District of New Hampshire,

### BROOKE E. REYNA,

the defendant herein, in a matter within the jurisdiction of the Department of State, a department within the executive branch of the Government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation; to wit, she did knowingly and willfully send an e-mail to the Department of State, Office of Legal Affairs, Law Enforcement Liaison, Passport Monitor Unit and other employees of the Department of State which stated that (a) she did not recall the above-identified 17 occasions in which she logged onto the PIERS database and viewed passport applications, when in fact she did recall those occasions, and (b) she had used PIERS for searches for applicants on a need to know basis for applicants she had, when in fact she had used PIERS to view the application files of various celebrities, actors, reality television contestants, television personalities, musicians, models, athletes, and members of these individuals' families, including their children, and other individuals identified in the press, without an official need to do so.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
(False Statements)

20. The Allegations contained in Paragraphs 1 through 8 and 10 through 16 are realleged as though fully set forth herein.

21. On or about August 18, 2008, in the District of New Hampshire,

**BROOKE E. REYNA,**

the defendant herein, in a matter within the jurisdiction of the Department of State, a department within the executive branch of the Government of the United States, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation; to wit, she did knowingly and willfully provide a written statement to an agent of the Department of State's Office of Inspector General in which she indicated that she did not recall the above-identified 17 occasions in which she logged onto the PIERS database and viewed passport applications, when in fact she did recall those occasions.

All in violation of Title 18, United States Code, Section 1001(a)(2).

Dated: August 25, 2010

A TRUE BILL:

/s/ Foreperson
FOREPERSON

JACK SMITH, Chief

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice